UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GRETCHEN ENGER,

                Plaintiff,

v.

SVETLANA GARAGAN, *et al.*,

                Defendant(s).

Case No. 2:19-cv-01171-RSM

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Gretchen Enger's Motion for Remand. Dkt. #6. Plaintiff moves for immediate remand to Snohomish County Superior Court with an award for costs and fees under 28 U.S.C. §1447(c) and Rule 11 sanctions on Defendants for willful abuse of the judicial process. *Id*. Defendants filed an untimely opposition to Plaintiff's Motion. Dkt. #10. For the reasons below, the Court GRANTS Plaintiff's Motion and REMANDS to Snohomish County Superior Court with an award of costs and fees.

## II. BACKGROUND

This case was originally filed in Snohomish County Superior Court on April 26, 2019, and Plaintiff served the Complaint on Defendants on the same date. *See* Dkt. #1; Dkt. #6, Ex. C.

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 1

On July 25, 2019, Defendants removed the case to this Court. Dkt. #1. Defendants attached to their Notice of Removal a purported "Counter Complaint" that alleges violations of the Washington State Deed of Trust Act and the Racketeer Influenced and Corrupt Organization Act ("RICO"). Dkt. #1, Ex. 5. Furthermore, Defendants added numerous entities as their opposing parties: East Side Funding LLC, Aztec Foreclosure Corporation of Washington, Carrington Mortgage Services LLC, and Kaitlyn Jackson. *Id.*

On August 6, 2019, Plaintiff filed a Motion to Remand to State Superior Court pursuant to 28 U.S.C. §1447(c), requesting attorneys' fees and costs and Rule 11 sanctions. Dkt. #6. Defendants filed an untimely response to Plaintiff's Motion on September 3, 2019. Dkt. #10. Because Plaintiff filed the Motion to Remand on August 6, 2019, Defendants' response was due on August 26, 2019. *See* LCR (7)(d)(3). Defendants' response did not meet the deadline requirements, and Defendants did not include an explanation for their delay pursuant to LCR 7(j). Therefore, the Court will not consider Defendants' untimely response.

### III. DISCUSSION

**A. Legal Standard**

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and an amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Typically, it is presumed "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009). A motion to remand the case based on any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 2

28 U.S.C. § 1447(c). An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. *Id.*

### B. Federal Question Jurisdiction

Defendants argue that federal question exists on the basis that their counterclaims include a RICO violation. Dkt. #1. Under the longstanding well-pleaded complaint rule, a suit arises under federal law only when the plaintiff's statement of their own cause of action shows that it is based upon federal law. *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 152 (1908). A counterclaim does not confer federal question jurisdiction. *Vaden v. Discover Bank,* 556 U.S. 49, 59–60 (2009). Here, Plaintiff's sole cause of action is a state law action for unlawful detainer and not a federal question. Accordingly, even if Defendants had properly filed their counterclaims, there is no federal question jurisdiction in this matter.

### C. Other Bases for Federal Jurisdiction

Defendants also appear to argue that diversity jurisdiction exists. Dkt. #1, Ex. 5 at 3. Diversity jurisdiction requires diversity of citizenship between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). A case may not be removed to federal court based on diversity if any defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Both Mr. and Ms. Garagan are residents of Washington state. Accordingly, there is no basis for diversity jurisdiction.

### D. Costs and Fees

Plaintiff requests costs and fees under 28 U.S.C. § 1447(c). Dkt. #6 at 7. Under 28 U.S.C. §1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding fees turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132,

141 (2005). Courts may award attorney's fees under 28 U.S.C. §1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Id.*

The Court has reviewed the Complaint, the Notice of Removal, and the briefing of the parties, and concludes that Defendants did not have an objectively reasonable basis for removal. The complaint is solely a state law action for unlawful detainer, yet Defendants attempted to create federal question jurisdiction through counterclaims improperly raised in a "Counter Complaint" document attached to their Notice of Removal. *See* Dkt. #1, Ex. 5. Therefore, Plaintiff is entitled to an award of fees and costs associated with Defendants' removal.

### E. Sanctions

Plaintiff also requests sanctions for bad faith litigation under Fed. R. Civ. P. 11 and LCR 11. According to Fed. R. Civ. P. 11(c)(1), a court may impose an appropriate sanction on a party that violated Fed. R. Civ. P. 11(b) by presenting to the court a written motion for any improper purpose. Plaintiff asserts Defendants have used this Court for the improper purpose to obstruct the proceedings of the unlawful detainer action in state court. Dkt. #6 at 11. Given that Defendants are appearing pro se and are likely not experienced legal counsel, at this time the Court declines to issue sanctions on Defendants for bad faith or willful abuse of the judicial process. However, the Court cautions Defendants against future efforts to remove this action to federal court without reasonable basis.

### F. Immediate Remand

Plaintiff also requests that remand be effective immediately as opposed to the 14 days provided under LCR 3(i). Dkt. #6 at 9. *See* LCR 3(i) ("Unless otherwise ordered by the court, an order . . . remanding a case shall become effective 14 days after the date the order is filed."). Plaintiff points to the holding costs on the property per month and the significant monetary

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 4

damages in the delay caused by this removal, as well as Defendants' numerous attempts to delay the consequences of foreclosure. Dkt. #6 at 9. Due to the delay that has already been created in this matter and the holding costs on the property, the Court agrees the remand should be effective immediately.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that

1. Plaintiff Gretchen Enger's Motion to Remand (Dkt. #6) is GRANTED.
2. Plaintiff Gretchen Enger is entitled to an award of fees and costs associated with bringing this Motion. Plaintiff shall file a supplemental motion in this Court requesting such relief no later than **twenty-one (21) days** from the date of this Order.
3. This Order of Remand shall be effective immediately.
4. This case is hereby REMANDED to the Superior Court of Washington State in and for the County of Snohomish.

DATED this 10 day of September 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE