UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRETCHEN ENGER, <br><br> Plaintiff, <br><br> v. <br><br> SVETLANA GARAGAN, *et al.*, <br><br> Defendants. | Case No. 2:19-cv-01171-RSM <br><br> ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

## I.  INTRODUCTION

This matter comes before the Court on Defendants Svetlana Garagan and Nikolay Garagan's Motion for Reconsideration. Dkt. #15. On September 10, 2019, this Court granted Plaintiff Gretchen Enger's Motion to Remand. Dkt. #12. Defendants now request that the Court reconsider its order based on the counterclaim they attached to their Notice of Removal. *Id*; Dkt. #1, Ex 5. Defendants also argue that their untimely opposition to Plaintiff's Motion should be considered given they are pro se and should be held to less stringent standards than lawyers. *Id.* For the reasons stated below, the Court DENIES the Motion for Reconsideration.

## II. BACKGROUND

In its previous order, the Court granted Plaintiff's Motion to Remand based on lack of subject matter jurisdiction. First, the Court determined that no federal question jurisdiction exists in this matter. Dkt. #12 at 3. Plaintiff's sole cause of action is a state law action for unlawful detainer, not a federal question, and a counterclaim cannot confer the federal question jurisdiction. *Id.* Second, the Court determined that no diversity jurisdiction exists in this matter. *Id.* A case may not be removed to federal court based on diversity if any defendant "is a citizen of the State in which such action is brought," and both Mr. and Ms. Garagan are residents of Washington state. *Id.*; *see also* 28. U.S.C. § 1441 (b)(2).

Defendants now request reconsideration of the Order to Remand based on their counterclaim, the national interest exception, and their pro se status. Dkt. #15.

## III. DISCUSSION

### A. Legal Standard

"Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

### B. Lack of Manifest Error

Defendants' Motion does not demonstrate manifest error by the Court in its prior ruling, provide new evidence, or identify a change in the controlling law. Defendants reiterate their argument that federal question jurisdiction exists based on their counterclaim. Dkt. #15 at 1. Defendants also argue that jurisdiction may exist without a federal cause of action so long as an

ORDER DENYING DEFENDANTS' MOTION
FOR RECONSIDERATION
PAGE - 2

important national interest would be served. *Id.* at 2. Here, Defendants argue that show cause hearings at the state level "deprive[] individuals and families of a roof over their head." *Id.* Defendants cite to *Grable & Sons Metal Products, Inc., v. Darue Engineering,* which held that providing a federal forum for federal tax litigation was deemed to be an important national interest. *Id.*; 125 S. Ct. 2363, 2364 (2005). This is not a federal tax case, and the Court is not persuaded that the Plaintiff's state law action for unlawful detainer circumvents due process. The Court finds that providing a federal forum for the current matter would not serve an important national interest.

### C. Defendants' Pro Se Status

While the Court agrees that pro se parties are held to less stringent standards, these standards typically address the substance of a complaint or allegation—not procedural issues such as filing deadlines. *See, e.g.*, *Haines v. Kerner,* 92 S. Ct. 594, 596 (1972) (Holding that allegations of the pro se complaint are held to a less stringent standard than pleadings drafted by lawyers). Here, the Court declined to consider Defendants' opposition to Plaintiff's motion based on its untimely filing by six days.

Moreover, even if the Court had considered Defendants' opposition, it still provides no basis for federal jurisdiction. The opposition merely reiterates Defendants' arguments regarding federal question jurisdiction and the exception for cases with "important national interest," which the Court has already addressed. *See* Dkt. #10 at 2-3.

### IV.   CONCLUSION

1     Having reviewed the relevant briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Reconsideration (Dkt. #15) is DENIED.

    DATED this 30 day of September 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE