UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRETCHEN ENGER, | Case No. C19-1171 RSM |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS |
| v. | |
| SVETLANA GARAGAN, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Gretchen Enger's Motion for Attorneys' Fees. Dkt. #16. *Pro se* Defendants Svetlana Garagan and Nikolay Garagan filed no response to Plaintiff's Motion. For the reasons set forth below, Plaintiff's Motion for Attorney Fees and Costs is GRANTED.

## I.    BACKGROUND

Defendants removed this case on July 26, 2019. Dkt. #1. Plaintiff filed a motion to remand on August 6, 2019. Dkt. #6. In that motion, Plaintiff requested relief pursuant to § 1447(c). *Id.* at 7. On September 10, 2019, the Court granted Plaintiff's motion and remanded this case. Dkt. #12. The Court found that Plaintiff was entitled to fees and costs under 28 U.S.C.

§ 1447(c) and ordered Plaintiff to file a supplemental motion for attorney fees and costs. *Id.* at 5. On September 24, 2019, Plaintiff filed this Motion requesting an award of $3,643.75 attorneys' fees and costs as well as Rule 11 sanctions against Defendants for bad faith litigation.

## II.    DISCUSSION

### A.  Attorney's Fees

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[1]

In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the

---

[1] Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND COSTS
PAGE - 2

plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours . . . ." *Welch*, 480 F.3d at 945–46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). It is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch*, 480 F.3d at 948. The district court "should exclude any hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

The Court will first address the requested hourly rate. Plaintiff's counsel indicates via declaration that the three attorneys at Dimension Law Group working on this case charge $275 per hour. The Court finds that $275 is an appropriate hourly rate in this case given the record and typical attorney rates in the Seattle legal community.

The Court next turns to the reasonableness of the hours requested. Having reviewed the specific billing entries, the Court finds that 12.57 hours, totaling $3,456.75 in attorneys' fees, is sufficiently justified. The tasks listed by Plaintiff's counsel are reasonably associated with Defendants' removal action, including researching and drafting the motion to remand and re-setting the show cause hearings in Snohomish Superior Court that were cancelled due to this removal action. *See* Dkt. #16-2. The Court likewise finds the costs totaling $187.00, which

include mailing, printing, and research costs, justified and reasonably associated with Defendants' removal action. *See* Dkt. #16-3. This results in a total award of $3,643.75 in fees and costs.

### B. Rule 11 Sanctions

Plaintiff also requests Rule 11 sanctions against Defendants for filing their motion for reconsideration on September 23, 2019. Dkt. #16 at 2 (citing Dkt. #15). Under Rule 11, a court may impose an appropriate sanction on a party that has presented to the court a written motion for any improper purpose. Fed. R. Civ. P. 11(c)(1). Plaintiff initially requested sanctions in her motion to remand, arguing that Defendants improperly used this removal action to obstruct the proceedings of the unlawful detainer action in state court. Dkt. #6 at 11. The Court declined to issue sanctions on the basis that *pro se* Defendants would not have the same understanding as licensed attorneys as to whether they had an objectively reasonable basis for seeking removal. Dkt. #12 at 4. However, the Court cautioned Defendants against future efforts to remove this action to federal court without a reasonable basis. *Id.* Plaintiff now renews its request for sanctions based on Defendants' motion for reconsideration and specifically requests that this Court "deem the Defendants as 'vexatious litigants' and/or grant *in rem* relief to Plaintiff to ensure that no future filing in this court will delay Plaintiff's use of the property." *Id.*

Under the All Writs Act, 28 U.S.C. § 1641(a), district courts may take appropriate action to regulate the activities of vexatious litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). The Ninth Circuit defines "vexatious litigants" as individuals with "abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) (citing *De Long*, 912 F.2d at 1147–48). A pre-filing order enjoins a "vexatious litigant"

from filing future actions without first obtaining leave of the court. Such orders are an extreme remedy that should rarely be used. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). To identify those rare instances that warrant entry of a pre-filing order, district courts consider four factors. First, the litigant must be given notice and a chance to be heard before the order is entered; second, the district court must compile an adequate record for review; third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and fourth, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *De Long,* 912 F.2d at 1148. The relevant record for review includes prior complaints and related filings and orders. *See Molski*, 500 F.3d at 1059.

The Court is sympathetic to Plaintiff's frustration in the delays caused by Defendants' actions. Here, Plaintiff requests an order based on Defendants' removal action that is now closed. Plaintiff also references Defendants' bankruptcy filing as further evidence of bad faith litigation, but this Court is uninformed as to the frivolousness or bad faith nature of that separate proceeding. For these reasons, the Court does not find entry of a pre-filing order against Defendants sufficiently justified.

## CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Supplemental Motion for Attorneys' Fees (Dkt. #16) is GRANTED. Defendants shall pay Plaintiff **$3,643.75**

//

//

//

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY FEES AND COSTS
PAGE - 5

in attorneys' fees and costs.

DATED this 25th day of October 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE